**Louis BARRERA, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24060.**

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1967.

Louis Barrera, pro se.

Allo B. Crow, Jr., Austin, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

Upon trial by jury in the District Court of Robertson County, Texas, appellant was convicted of rape and sentenced to life imprisonment. His confession, which he now claims to have been obtained in violation of his constitutional rights, was admitted in evidence at the trial. After exhausting state remedies, appellant applied to the District Court for the Southern District of Texas for habeas corpus relief. A plenary hearing was held on the issues raised in the application and relief was denied.

The District Court found that appellant was warned prior to making the confession that he did not have to make any statement at all and that any statement he made could be used in evidence against him. He was not advised of his right to counsel, either retained or appointed. Appellant contends that the warning was insufficient, that he was thereby denied the right to counsel during interrogation and that he was not accorded his privilege under the Fifth Amendment against self-incrimination. Whether these contentions prevail depends upon the applicability of the rulings in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to the facts of this case.

Subsequent to the determination by the District Court, the Supreme Court handed down its decision in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), holding the rulings in *Escobedo* and *Miranda* not to be retroactive in effect. The *Escobedo* holding was to affect only cases where trial had begun after June 22, 1964, the date of the decision. *Miranda* was to apply to trials commenced after June 13, 1966. Appellant's trial began on December 3, 1962. Thus, assuming *Escobedo* and *Miranda* to be otherwise applicable, the rules there announced are not available to the appellant in this proceeding. See, Marion v. Harrist, 363 F.2d 139 (5th Cir. 1966). The decision of the District Court is therefore affirmed.